IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAMEA S. TENISON,          )
                                    )
             Plaintiff,    )
                                    )
vs.                          )      Case No. CIV-11-202-JHP
                                    )
MIKE MORGAN, et al.,     )
                                    )
            Defendants.  )

## OPINION AND ORDER

This matter comes before the Court on Defendant Debbie Morton's Motion to Dismiss, or alternatively, Motion for Summary Judgment (Dkt. # 18); Plaintiff's Motion to request service on CCA, Davis Correctional Facility and Corrections Corporation of America[1] (Dkt. # 24); and Plaintiff's Motion to Supplement (Dkt. # 26). For the reasons set forth herein, this Court hereby grants Defendant Morton's Motion to Dismiss and denies Plaintiff's Motion regarding service and Plaintiff's Motion to Supplement.

On June 10, 2011, Plaintiff, appearing *pro se* and proceeding *in forma pauperis*, commenced this 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). On September 16, 2011, Plaintiff sought leave to amend (Dkt. # 12). His motion was denied, however, for failure to comply with Local Civil Rule 9.2(c). On October 28, 2011, Defendant Morton filed her motion (Dkt. # 18). Thereafter, on November 14, 2011, Plaintiff filed a second pleading which was construed by this Court as a motion to amend (Dkt. # 22). This pleading had as

---

[1] Davis Correctional Facility is a privately owned prison operated by the Corrections Corporation of America.

a cover page the case number and the words "Motion to Amend Complaint." Attached to this cover page was what the Court construed as plaintiff's proposed amended complaint. The main change, however, was to the style of the complaint, *i.e.* plaintiff added Corrections Corporation of America's name as a defendant.[2] Plaintiff did not make any allegations against Corrections Corporation of America in this proposed amendment. Additionally, attached to the proposed complaint was the same brief in support which had been originally filed as a part of the original complaint. Since no new allegations were made, this Court denied plaintiff's second motion to amend. Plaintiff's current motion to supplement his original complaint states that he wants to add

> people who are responsible for the two named Defendants, which now does
> not work there. But at the time Plaintiff Due Process was violated they work
> for people of "Corrections Corporation of America/Davis Corrections
> Facility," so if or if they do not work there they are responsible for the action
> of their employees.

Dkt. # 26, at p. 2. Plaintiff does not now nor has he ever alleged that the violation of his constitutional rights occurred due to the enforcement of a policy or custom that caused the injury; that the corporation's action were taken with the requisite degree of culpability; or, that there is a direct link between the corporation's action and the deprivation of plaintiff's federal rights. *See*, *Olivas v. Corrections Corp. of America*, 408 F.Supp. 2d 251 (N.D. Tex. 2006). Simply because the plaintiff can not find two of the named defendants does not justify authorizing service upon the Corrections Corporation of America who has no

---

[2]Plaintiff's proposed amended complaint also deleted the first name of correctional officer Morgan and wrote on his proposed amendment "first name unknown."

authority to accept personal service on behalf of their current or former employees.[3]  *See*,

Fed.R.Civ.P. 4(e).

## Legal Analysis

### A.  Standard for dismissal

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting

under color of state law, deprives another of his federal rights.  *Conn v. Gabbert*, 526 U.S.

286, 290 (1999).  Two prima facie elements must be alleged in a 1983 complaint: 1) the

defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the

United States and 2) the defendant acted 'under color of law.'  *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 150 (1970).  Federal Rule of Civil Procedure 8(a)(2) sets up a liberal system

of notice pleading in federal courts requiring only that the complaint include a short and plain

statement of the claim.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

A civil rights claim should be dismissed only where it appears that the plaintiff could

prove no set of facts entitling him to relief.  *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir.

1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)).  In reviewing a claim

for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must

be presumed true and construed in the light most favorable to the plaintiff.  *Hall v. Bellmon*,

935 F.2d 1106, 1109 (10th Cir. 1991).  A *pro se* litigant's pleadings are held to less stringent

standards than those drafted by lawyers and the court must construe them liberally.  *Haines*

---

[3]The summons returned herein indicate as to 1) Paul Branscum, "Person to be served is no longer employed at CCA -
Davis" (Dkt. # 14) and 2) Mike Morgan, "No person by this name employed at CCA Davis." (Dkt. # 15).

*v. Kerner*, 404 U.S. 519, 520-21 (1972).  At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations.  *Hall*, 935 F.2d, at 1110.

### B.  Plaintiff's Claims

Plaintiff alleges that he was subjected to violations of his First, Fifth, Eighth and Fourteenth Amendment rights.  These allegations stem from incidents beginning in August, 2009 involving a misconduct Plaintiff received for battery of another inmate.  On August 26, 2009, Plaintiff was found guilty of the offense.  Plaintiff appealed and on December 1, 2009, the Director of the Oklahoma Department of Corrections, Debbie Morton, ordered a rehearing on the battery misconduct charge.  On December 18, 2009, a rehearing was conducted and Plaintiff was again found guilty of the battery misconduct and restitution was imposed.  Plaintiff appealed  and on March 2, 2010, Defendant Morton denied this appeal. Plaintiff claims he received no due process of law before sanctions were imposed against him and that the restitution imposed has subjected him "to cruel and unusual punishment (without due process)" and "retaliation (for not providing false information to investigator)."

### 1.  *Due Process Allegations*

Based upon the pleadings before this Court, Plaintiff has failed to establish any due process violation occurred.  While inmates facing disciplinary proceedings are entitled to receive advance written notice of the claimed misconduct and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken, they are not entitled to the full panoply of rights afforded a defendant in a criminal trial.

*Wolff v. McDonnell*, 418 U.S. 539, 563-65, 94 S.Ct. 2963, 2978-2979, 41 L.Ed.2d 935 (1974).

According to the Oklahoma Department of Corrections Offender Disciplinary Procedures (Dkt. # 18-2), inmates charged with misconducts receive a copy of the Offense Report no less than twenty-four hours prior to the disciplinary hearing. *Id*., at p. 12. Inmates are given at least twenty-four hours to prepare for the disciplinary hearing and they have an opportunity to make a statement or call witnesses at the hearing. *Id*. A written record of the hearing is provided to the inmate. *Id*., at pp. 14-15. The Disciplinary Hearing Report provides the inmate with an explanation of the evidence relied upon in making the decision, the basis for the discipline, and that he has a right to appeal. *Id*, at p. 17. Any discipline imposed must be contained within the sanctions allowed by the written procedures. *Id*. and Dkt. # 18-3.

A review of Plaintiff's own exhibits establish he received the minimum due process required. Specifically, plaintiff received written notice of the charge on August 21, 2009 as evidenced by his signature on the Department of Corrections Offense Report, Record of Delivery of copies of Evidence to Inmate, and the Investigator's Report. *See*, Dkt. # 1, at pp. 14-16. The disciplinary hearing was originally set on August 24, 2009, but was continued to August 26, 2009 and plaintiff was given notice of the postponement. *Id*., at p. 17. Plaintiff participated in the hearing held on August 26, 2009, which was held more than twenty-four hours after plaintiff received notice of the charge and the hearing date. *Id*., at p. 19. The Investigator's Report reveals plaintiff was given copies of all of the evidence

relied upon and that he did not wish to present any witnesses at the hearing. *Id.*, at p. 16.

Moreover, the Disciplinary Hearing Report sets out the evidence relied upon, the discipline

imposed, and the basis for the discipline imposed, *i.e.* to deter future rule violations. *Id.*, at

p. 18.

Following the imposition of discipline, plaintiff appealed this misconduct to the

facility head and on October 16, 2009, the decision was affirmed. *Id.*, at p. 19. Plaintiff then

appealed to the Administrative Review Authority ("ARA") and, on December 1, 2009,

Defendant Morton, acting as a designee for the director, ordered a rehearing finding that the

evidence relied upon did "not indicate the offending behavior of the inmate/offender" as

required by Oklahoma Department of Corrections policy. *Id.*, at p. 20. Plaintiff was notified

of the rehearing and waived his 24 hour preparation time. *Id.*, at p. 23. On December 18,

2009, the rehearing was held and the disciplinary hearing officer again determined plaintiff

was guilty of the misconduct charge. *Id.*, at p. 33. The Disciplinary Hearing Report

indicated the hearing officer relied on the following evidence in finding plaintiff guilty:

> An offense report by A/S Branscum of DCF states that I/M Tenison and I/M
> Jackson were horseplaying and were both injured and sent to outside medical
> facilities is battery of another offender resulting in bodily harm. Staff is
> considered reliable and gains nothing from lying. Horseplaying is using force
> against each other and becomes battery when someone is injured. All evidence
> supports the intentional injury of another person.

*Id.* The hearing officer imposed the same sanctions and plaintiff again appealed. The

decision on rehearing was upheld. *Id.*, at p. 24. Further, the sanctions imposed were within

the range of sanctions allowed by Oklahoma Department of Corrections policy. *See*, Dkt.

18-2.  In light of the record herein, plaintiff has failed to establish any due process violations

occurred during his prison disciplinary proceedings.

>    2.  *Retaliation allegations*

Even liberally construing plaintiff's allegations, there are no factual allegations which

would support a claim of retaliation by Defendant Morton or anyone else at Davis

Correctional Facility against plaintiff for exercising his rights to appeal his disciplinary

proceedings.  "Mere allegations of constitutional retaliation will not suffice; plaintiffs must

rather allege specific facts showing retaliation because of the exercise of the prisoner's

constitutional rights."  *Frazier v. DuBois*, 922 F.2d 560, 562 (10th Cir. 1990).

> [A]n inmate is not inoculated from the normal conditions of confinement
> experienced by convicted felons serving time in prison merely because he has
> engaged in protected activity. Accordingly, a plaintiff "must prove that 'but
> for' the retaliatory motive, the incidents to which he refers, including the
> disciplinary action, would not have taken place."

*Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).  In this case, it is clear that the

disciplinary action which plaintiff was subjected to occurred as a result of his violation of

prison rules and regulations and not because of plaintiff's exercise of his constitutional rights.

Accordingly, based on the facts as alleged by plaintiff, he has failed to state any claim for

retaliation.

For the reasons stated herein, this Court finds this plaintiff's claims, brought pursuant

to 42 U.S.C. § 1983, fail to state a cause of action upon which relief may be granted, and

therefore, shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).  Furthermore,

based upon the pleadings herein, this Court finds it would be futile to allow plaintiff to

amend.  Therefore, plaintiff's motion to request service on CCA and motion to supplement

are hereby denied and this action is dismissed, in its entirety, with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Defendant Morton's Motion to Dismiss (Dkt. #18) is hereby **granted** and plaintiff's

        civil rights complaint (Dkt. # 1) is hereby **dismissed with prejudice** as frivolous for

        failure to state a claim.

2.      Plaintiff's Motion to Request service on Corrections Corporation of America (Dkt.

        # 24) is **denied**.

3.      Plaintiff's Motion to Supplement (Dkt. # 26) is **denied**.

4.      A separate judgment shall be entered in favor of the defendants and against plaintiff.

5.      Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee

        incurred in this matter.

        It is so ordered on this  25th  day of April, 2012.


        James H. Payne
        United States District Judge
        Eastern District of Oklahoma